

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CALEB DEASON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-820-A |
| | § | |
| U.S. BANK NATIONAL | § | |
| ASSOCIATION, AS SUCCESSOR | § | |
| TRUSTEE TO BANK OF AMERICA, | § | |
| N.A. AS SUCCESSOR BY MERGER | § | |
| TO LASALLE BANK, N.A., AS | § | |
| TRUSTEE FOR MERRILL LYNCH | § | |
| FIRST FRANKLIN MORTGAGE LOAN | § | |
| TRUST, MORTGAGE LOAN ASSET- | § | |
| BACKED CERTIFICATES, SERIES | § | |
| 2007-4, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Now before the court is the amended notice of removal filed in the above-captioned action by defendant, U.S. Bank National Association, as Successor Trustee to Bank of America, N.A. as Successor by Merger to Lasalle Bank N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-4. Defendant has alleged diversity of citizenship under 28 U.S.C. § 1332 as the sole basis for removal. Having considered the first amended notice of removal and the original state court petition of plaintiff, Caleb Deason, attached thereto, the court concludes that defendant has

failed to sufficiently allege the required amount in controversy, and that the case should be remanded to the state court from which it was removed.

I.

Background

Plaintiff initiated this action by filing his original petition against defendants on October 24, 2012, in the District Court of Tarrant County, Texas, 141st Judicial District, as Cause No. 141-262425-12. Defendant filed a notice of removal on November 16, 2012, to this court. On December 4, 2012, pursuant to this court's order, defendant filed its first amended notice of removal. Defendant alleges that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiff and defendant, and an amount in controversy exceeding the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

In the prayer of his petition, plaintiff does not state a specific amount of damages. Nor is there any other statement of the amount of damages contained elsewhere in the petition. However, defendant contends that because plaintiff "seeks equitable relief in the form of rescission of the foreclosure sale of [his] Property," the minimum amount in controversy should be based on the fair market value of the property, which

defendant contends is "at least $497,00.00." Am. Notice of Removal at 4. In support of its position, defendant cites to legal authority standing for the proposition that the right, title, and interest plaintiff has in the property constitutes the proper measure of the amount in controversy in an action such as this one, where plaintiff could be divested of the property entirely. Id. at 4-5. Defendant also contends that the alleged amount of the promissory note executed by plaintiff, $522,500.00, the alleged outstanding principal balance on the loan of $565,621.53, or the alleged negative balance in plaintiff's escrow account, could serve to establish the minimum amount in controversy. Id.

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that the amount in controversy in this action meets or exceeds the required amount.

II.

Basic Principles

The court begins with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction. "The removing

party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff. <u>Vraney v. Cnty. of Pinellas</u>, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." <u>Leininger v. Leininger</u>, 705 F.2d 727, 729 (5th Cir. 1983).

### III.

### Analysis

Plaintiff's petition does not make a demand for a specific amount of damages, does not specify a dollar amount of recovery sought that is at least $75,000, and does not define with specificity the value of the right it seeks to protect or the extent of the injury it seeks to prevent. As a result, the court evaluates the true nature of plaintiff's claims to determine the amount actually in controversy between the parties.

The true nature of this action is to regain possession of residential property plaintiff used as security for the making of a loan. As the petition alleges, plaintiff pursues these goals by seeking an order (1) setting aside the foreclosure sale and restoring title to plaintiff and (2) awarding unspecified actual damages and attorney's fees. Am. Notice of Removal, Ex. A-2 at 4. Thus, considering plaintiff's original petition, the court

has not been provided with any information from which it can determine that the value to plaintiff of such relief is greater than $75,000.00.

Defendant contends that the fair-market value of the property should serve as the amount in controversy because plaintiff requests equitable relief to enjoin defendant from foreclosing on the property. Am. Notice of Removal at 4 (citing Garcia v. Koch Oil Co. of Tex., 351 F.3d 636, 640-41 (5th Cir. 2003)). Defendant relies on the oft-cited argument that when equitable relief is sought, the amount in controversy is measured by the value of the object of the litigation, and when a mortgagor is attempting to protect his property, the fair market value of the property is the amount in controversy. Am. Notice of Removal at 4. In its amended notice of removal, defendant suggests that plaintiff's interest in the property is approximately $497,000.00, which defendant describes as the value of the property. Am. Notice of Removal at 4. Alternatively, defendant asserts that the amount of the promissory note, amount owed on the loan, or "negative escrow balance" can constitute the minimum amount in controversy.

The court is not persuaded by the argument that any of the above figures supplies the basis for plaintiff's interest in the property, especially given that plaintiff has not pleaded how


has not been provided with any information from which it can determine that the value to plaintiff of such relief is greater than $75,000.00.

Defendant contends that the fair-market value of the property should serve as the amount in controversy because plaintiff requests equitable relief to enjoin defendant from foreclosing on the property. Am. Notice of Removal at 4 (citing Garcia v. Koch Oil Co. of Tex., 351 F.3d 636, 640-41 (5th Cir. 2003)). Defendant relies on the oft-cited argument that when equitable relief is sought, the amount in controversy is measured by the value of the object of the litigation, and when a mortgagor is attempting to protect his property, the fair market value of the property is the amount in controversy. Am. Notice of Removal at 4. In its amended notice of removal, defendant suggests that plaintiff's interest in the property is approximately $497,000.00, which defendant describes as the value of the property. Am. Notice of Removal at 4. Alternatively, defendant asserts that the amount of the promissory note, amount owed on the loan, or "negative escrow balance" can constitute the minimum amount in controversy.

The court is not persuaded by the argument that any of the above figures supplies the basis for plaintiff's interest in the property, especially given that plaintiff has not pleaded how

much equity he has in the property. Defendant does not cite to, nor can the court discern, any such statement in the petition to support a finding that the value of the property is the amount in controversy. That is, for example, defendant's attribution of the $497,000.00 figure as damages is an act of its own doing--not plaintiff's. To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[1]

Plainly, the sole goal of plaintiff's action is to avoid or delay a foreclosure sale and to be able to retain possession of the property. Nothing is alleged that would assign a monetary value to plaintiff's accomplishment of those goals. While plaintiff appears to request equitable relief based on a claim that he is entitled to hold legal title in the property, he does not assert that such relief is based on a claim that he has outright ownership of the property, free from any indebtedness. Indeed, plaintiff makes statements to suggest that his ownership of the property <u>is</u> encumbered by a debt, as the petition states,

---

[1] The court is familiar with the unpublished Fifth Circuit opinion, <u>Nationstar Mortg. LLC v. Knox</u>, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of <u>Nationstar</u>, in turn, relies on <u>Waller v. Prof'l Ins. Corp.</u>, 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding <u>Waller</u> inapposite to determining the amount in controversy in cases such as the instant action. <u>See</u> <u>Ballew v. America's Servicing Co.</u>, No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

"Plaintiff attempted to communicate with Defendant to determine whether Defendant had received all the mortgage payments that Plaintiff had sent to Defendant and to discuss a modification of the note pursuant to federally mandated guidelines." Am. Notice of Removal, Ex. A-2, at 2. The value to plaintiff of his rights in the litigation is, at most, the value of his interest in the property, not the value of the property itself or the amount of the loan. Thus, defendant has not established the value of plaintiff's interest in the property.

The court likewise rejects defendant's argument that the negative balance in plaintiff's escrow account can constitute the amount in controversy. In support of its argument, defendant alleges that it has paid $107,086.33 on plaintiff's behalf, and "plaintiff expresses no intention to bring his account to current or to pay back the negative balance." Am. Notice of Removal at 5. However, the amount in controversy must be determined by the value of the relief sought by the <u>plaintiff</u>, not defendant's speculations on what its future costs might be. <u>See</u> <u>Sims v. AT & T Corp.</u>, No. 3:04-CV-1972-D, 2004 WL 2964983 at *3 (N.D. Tex. Dec. 22, 2004) (holding that the defendant "cannot establish that the amount in controversy requirement is satisfied based on the pecuniary consequence of its compliance with the requested declaratory and injunctive relief" and reiterating that the

"value <u>to the plaintiff</u> of the right to be enforced" was the proper measure of the amount in controversy) (emphasis in original). Plaintiff has not alleged, for example, that he does not owe money on his loan, nor does the petition even allude to the negative escrow balance that defendant alleges. Simply because defendant believes that plaintiff might attempt to avoid repaying his debt does not establish the jurisdictional amount in controversy.

Defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendant to persuade the court that subject matter jurisdiction exists.

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED December 5, 2012.

_____
JOHN McBRIDE
United States District Judge

9